**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-7076**

_____

DONALD RAYMOND BARBE,

                   Petitioner - Appellant,

          v.

THOMAS L. MCBRIDE,

                   Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.  Robert E. Maxwell, Senior
District Judge.  (2:07-cv-00025-REM-JES)

_____

Submitted:  February 12, 2009          Decided:  June 22, 2009

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

James Jeffrey Pascoe, WOMBLE CARLYLE, SANDRIDGE & RICE,
Greenville, South Carolina, for Appellant.  Robert David
Goldberg, Assistant Attorney General, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Barbe appeals a district court order adopting the magistrate judge's report and recommendation and dismissing his 28 U.S.C. § 2254 (2006) petition as being a second or successive petition and without authorization from this court under 28 U.S.C. § 2244 (2006). Because the claim was originally dismissed for failing to exhaust appropriate state court remedies, we vacate the court's order and remand for further proceedings.

Under 28 U.S.C. § 2244(b)(1) (2000), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

In Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), the Supreme Court held that § 2244(b) does not apply in an instance where a petitioner files a habeas petition only to have several claims denied on the merits and one claim dismissed for being premature. When the last claim matured and state remedies exhausted, the petitioner filed a habeas petition raising the claim. The district court dismissed the petition for lack of jurisdiction because there was no authorization from the appellate court. The Supreme Court held:

> This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim, but this does not mean that there were two

> separate applications, the second of which was
> necessarily subject to § 2244(b). There was only one
> application for habeas relief, and the District Court
> ruled (or should have ruled) on each claim at the time
> it became ripe. Respondent was entitled to an
> adjudication of all of the claims presented in his
> earlier, undoubtedly reviewable, application for
> federal habeas relief.

Stewart, 523 U.S. at 643. The Supreme Court further stated that "[w]e believe that respondent's Ford claim here - previously dismissed as premature - should be treated in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies." Id. at 644.

Because the district court dismissed Barbe's ex post facto claim on the basis that he had not exhausted his state court remedies, the court should not have found Barbe's § 2254 petition raising the same claim after presenting it to state court to be a second or successive petition requiring authorization from this court under § 2244.

Accordingly, we vacate the district court order and remand for further proceedings. We take no position as to the merits of Barbe's claim or if the claim may be barred due to other procedural requirements not previously considered by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED